**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MELVIN RAY BRUMMETT, JR., <br><br> Plaintiff, <br><br> v. <br><br> R.A. DEAN, <br><br> Defendant. | Case No.: 1:16-cv-01400-AWI-SAB (PC) <br><br> ORDER GRANTING DEFENDANT'S REQUEST FOR SEVEN DAY EXTENSION OF TIME TO FILE EXHAUSTION-RELATED MOTION FOR SUMMARY JUDGMENT, AND STAYING ALL MERITS-BASED DISCOVERY UNTIL RESOLUTION OF DEFENDANT'S EXHAUSTION-RELATED MOTION FOR SUMMARY JUDGMENT <br><br> [ECF No. 32] |

Plaintiff Melvin Ray Brummett, Jr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant's motion for a seven day extension of time to file an exhaustion-related motion for summary judgment, filed January 23, 2018. On the basis of good cause, the Court will grant Defendant's request for a seven day extension of time. In the present motion, Defendant also requests that the Court stay all merits-based discovery pending the resolution of their exhaustion-related motion for summary judgment to be filed on or before January 30, 2018. Because the Court finds no prejudice and can resolve the motions without opposition by Plaintiff, the Court will not await the opposition deadline period prior to ruling on the instant motion. Local Rule 230(l).

Defendant argues that merits-based discovery should be stayed in this case pending a decision on the motion for summary judgment for failure to exhaust available administrative remedies.

1

Defendant asserts in support that (1) the pending motion will potentially dispose of the entire case; (2) the Court does not require additional information to decide the pending motion; and (3) the expenditure of resources required to respond to merits-based discovery will be needless if the Court grants Defendant's motion for summary judgment.

The Court is vested with broad discretion to manage discovery. <u>Dichter-Mad Family Partners, LLP v. U.S.</u>, 709 F.3d 749, 751 (9th Cir. 2013) (per curiam); <u>Hunt v. Cnty. of Orange</u>, 672 F.3d 606, 616 (9th Cir. 2012); <u>Surfvivor Media, Inc. v. Survivor Prods.</u>, 406 F.3d 625, 635 (9th Cir. 2005); <u>Hallett v. Morgan</u>, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, <u>Little v. City of Seattle</u>, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue).

The propriety of delaying discovery on the merits of the {laintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit. <u>Albino v. Baca</u>, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc), <u>cert</u>. <u>denied</u>, 135 S.Ct. 403 (2014); <u>see also</u> <u>Gibbs v. Carson</u>, No. C-13-0860 THE (PR), 2014 WL 172187, at *2-3 (N.D. Cal. Jan. 15, 2014). The failure to exhaust is an affirmative defense, and Defendant is entitled to move for judgment on the issue. <u>Albino</u>, 747 F.3d at 1166.

The Court agrees with Defendant that judicial economy is best served by staying merits-based discovery until after the Court rules on the pending motion for summary judgment for failure to exhaust available administrative remedies. Accordingly, merits-based discovery will be stayed in this matter, and the Court will reset the deadline for conducting merits-based discovery, if necessary, after resolution of the exhaustion-related motion for summary judgment.

///

///

///

///

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's exhaustion-related motion for summary judgment shall be filed on or before January 30, 2018; and

2. All merits-based discovery is STAYED until the final disposition of Defendant's exhaustion-related motion for summary judgment to be filed on January 30, 2018.

IT IS SO ORDERED.

Dated: **January 24, 2018**

UNITED STATES MAGISTRATE JUDGE